UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BOHDAN KLIMCHAK, et al.,

                         Plaintiffs,

                   -against-

CARDRONA, INC, et al.,

                        Defendants.
-----------------------------------------------------------------X

**ORDER**
CV 09-4311 (SJF)(ARL)

**LINDSAY, Magistrate Judge:**

       Before the court is the plaintiffs' motion seeking to compel the defendants to provide more complete responses to the plaintiffs' First Set of Interrogatory Demands and First Set of Document Demands. The plaintiffs argue that the defendants' failure to provide information pertaining to both the named plaintiffs and putative class members will prevent them from establishing the necessary facts to satisfy the requirements for class certification. The defendants contend that the discovery is improper at this stage because the class has not been conditionally certified by Judge Feuerstein. The court agrees.

       The plaintiff commenced this action on October 7, 2009, seeking to collect putative class wages, supplemental benefits, overtime compensation, and spread hours compensation for work they performed on behalf of the defendants. On June 11, 2010, the plaintiff filed a motion to certify the matter as a collective action. Judge Feuerstein has not ruled on the motion.

       Courts in this Circuit typically follow a two-step certification process in FLSA collective actions. *See*, *e.g.*, *Sobczak v. AEL Indus., Inc.*, CV 07-1226(BMC), 2007 WL 4934239 (E.D.N.Y. Oct. 22, 2007); *Morales v. PlantWorks,* CV 05-2349(DC), 2006 WL 278154, at *1 (S.D.N.Y. Feb. 2, 2006) (collecting cases). Upon plaintiffs' motion, "[a]t the first stage, the court examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated. If the court finds that they are, it conditionally certifies the class and permits notice to be sent to putative class members. At the second stage, the employer can move to decertify the class if discovery reveals that the claimants are not similarly situated." *Id.* (internal citations omitted); *see also Prizmic v. Armour, Inc.,* CV 05-2503(DLI), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006); *Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319(PAC), 2006 WL 1084556 (S.D.N.Y. Apr. 24, 2006). At the initial stage, the plaintiff need only make "a modest factual showing sufficient to demonstrate that [she] and the potential plaintiffs together were victims of a common policy or plan that violated the law." *Prizmic,* 2006 WL 1662614 at *5. Because, "at this prediscovery stage in the litigation, the 'inquiry is less stringent than the ultimate determination that the potential plaintiffs are similarly situated,'" discovery need not be completed. *Sipas*, 2006 WL 1084556 at *2.

Once the plaintiffs seek conditional certification, the court than has broad discretion to order discovery, including the names and addresses of the potential plaintiffs to facilitate the opt-in process. *Id.; see also* Wright, Miller & Kahn*,* 7B <u>Federal Practice & Procedure,</u> §1807 493-495. Accordingly, the discovery sought by the plaintiffs is improper because the class has not been conditionally certified, and thus, the plaintiffs' motion to compel is denied.

The defendants' request to extend the deadline to complete discovery and to adjourn the November 16, 2010 final conference is granted, in part. The final conference is canceled without date. The defendants may renew their application to extend the discovery deadlines upon receipt of Judge Feuerstein's order concerning the certification of the collective action.

Dated: Central Islip, New York
October 21, 2010

**SO ORDERED:**

/s/
ARLENE ROSARIO LINDSAY
United States Magistrate Judge