UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

BOHDAN KLIMCHAK, et al.,

                                   Plaintiffs,          **MEMORANDUM & ORDER**
                                                        09-CV-4311 (MKB)

                    v.

CARDRONA, INC., et al.,

                                   Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

     Plaintiffs Bohdan Klimchak ("Klimchak") and Konstantin Tribushniy ("Tribushniy")

(collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, commenced

this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b);

New York Labor Law ("NYLL") § 633; and 12 New York Codes, Rules and Regulations

("NYCRR") §§ 142-2.2 and 142-2.4, against Defendants Cardrona Inc. ("Cardrona"), Cardronas

II, Inc. ("Cardronas II") and Ultan Gauigan a/k/a Ultan Galligan ("Galligan") (collectively the

"Cardrona Defendants"), Defendants Metal & Roof Supplies, Inc. ("M&R") and Dani Moore

(collectively the "M&R Defendants") and Defendant Michael Williams on October 7, 2009, to

recover unpaid overtime compensation, spread of hours compensation and prevailing wages and

supplemental benefits owed to Plaintiffs and all similarly situated persons employed by

Defendants.  In addition, Plaintiffs assert state law causes of action for breach of contract,

quantum meruit and unjust enrichment.  On October 10, 2012, Magistrate Judge Arlene R.

Lindsay granted the request of counsel for the Cardrona Defendants to be relieved as counsel.

(Docket Entry No. 56.)  Judge Lindsay stayed the action for thirty days to allow the Cardrona

Defendants to obtain other counsel and advised Cardrona and Cardronas II that "[d]efendants, as

corporations, must appear by counsel or will be considered to be in default." (*Id*. at 2 (citing *Rowland v. California Men's Coloney*, 506 U.S. 194, 202–03 (1993)).) The Cardrona Defendants failed to secure other counsel. Plaintiffs sought and obtained notices of default against Cardrona and Cardronas II. (Docket Entry No. 62.) Plaintiffs subsequently moved for default judgment against the Cardrona Defendants.[1] (Docket Entry No. 80.) By Report and Recommendation dated July 7, 2014 ("R&R"), Judge Lindsay recommended that the Court deny Plaintiffs' application for a default judgment against the Cardrona Defendants. For the reasons set forth below, the Court adopts the R&R in its entirety.

## I. Report and Recommendation

On July 7, 2014, Judge Lindsay recommended that the Court deny Plaintiff's application for a default judgment against the Cardrona Defendants. (R&R 12.) Judge Lindsay found that because Plaintiffs have failed to prove "the jurisdictional prerequisite of either enterprise or individual coverage," under the FLSA, their application must be denied. (*Id*. at 6.) Judge Lindsay noted that "the provisions of the FLSA only apply to employees who were (1) 'employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce ('enterprise coverage'),' or (2) 'personally engaged in interstate commerce or in the production of goods for interstate commerce ('individual coverage').'" (*Id*. at 6 (quoting *Shim v. Millennium Grp*., No. 08-CV-4022, 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009)).) Judge Lindsay also noted that "a plaintiff in an FLSA action must establish the jurisdictional prerequisite of either enterprise or individual coverage." (R&R 6 (quoting *Gomez*

---

[1] Plaintiffs also requested in their motion for default judgment that the Court "formally recognize, via entry of default . . . Galligan's failure to defend the action, and then enter a default judgment against Galligan." (Pl. Mem. of Law in Support of Mot. for Default Judgment 2, Docket Entry No. 80.)

*v. El Rancho de Andres Carne de Tres Inc.*, No. 12-CV-1264, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014)).)

Judge Lindsay found that based on the fact that the Cardrona Defendants were in the construction business, the Court "can infer from the nature of this business that [P]laintiffs handled goods and materials that moved in interstate commerce . . . . [and] therefore satisfy the first part of the enterprise coverage prong."[2] (*Id.* at 8.) However, Judge Lindsay found that while Plaintiffs pleaded that Cardrona and Cardronas II "are employers within the meaning contemplated in the FLSA," Plaintiffs failed to plead that the Cardrona and Cardronas II "meet the $500,000 annual gross business requirement . . . because the complaint is silent with respect to [D]efendants Cardrona and Cardronas II's gross annual revenue sales, and [P]laintiffs allege no specific facts to meet the $500,000 annual gross business requirement . . . ." (*Id.*) Plaintiffs therefore did not satisfy the second prong of enterprise coverage.

In reviewing the alternative basis for FLSA coverage — requiring Plaintiffs to establish that they were personally "'engaged in commerce or in the production for interstate commerce' within the meaning of FLSA," (*Id.* at 9) — Judge Lindsay noted that she was required to engage in a "fact specific inquiry into the employment actions of each and every employee asserting a claim under the Act." (*Id.* at 10–11 (quoting *Jacobs v. New York Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007)).) Judge Lindsay found that because "[P]laintiffs have not made

---

[2] In order to qualify as an enterprise within the meaning of the FLSA, the employer must be an entity that:

> [1] has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and [2] . . . whose annual gross volume of sales made or business done is not less than $500,000.

29 U.S.C. § 203(s)(1)(A).

any such allegations nor do they assert that they were personally performing work involving or related to the movement of persons or things between states . . . . [t]hese facts are insufficient to establish that [P]laintiffs (and other similarly situated construction workers) engaged in commerce or in the production of goods for commerce such that they fall within the ambit of individual coverage under the FLSA."  (R&R 11 (citing *Siemieniewicz v. CAZ Contracting Corp.*, No. 11-CV-0704, 2012 WL 5183375, at *6 (E.D.N.Y. Sept. 21, 2012)).)  Judge Lindsay concluded that "[i]n short, the [C]omplaint fails to provide the essential factual predicate to establish [the Cardrona Defendants'] liability under the FLSA for purposes of [P]laintiffs' motion for a default judgment."  (R&R 11.)  Judge Linday also recommended that, because there is "an automatic stay of litigation against Galligan . . . [which] went into effect pursuant to 11 U.S.C. § 362(a)" when Galligan filed for Chapter 7 bankruptcy, the motion for default and default judgment as to Galligan be denied.  (*Id.* at 3 n.3.)  No objections were filed.

## II.  Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'"  *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson,*

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

**III. Conclusion**

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Lindsay's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs' application for default judgment as to Cardrona, Cardronas II and Galligan is denied.

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated: July 31, 2014
       Brooklyn, New York